114

# CIRCUIT COURT OF FAIRFAX COUNTY

Bernstein Brothers Management

v.

June S. Miller,
Sandra M. Embrey,
Charles Lopez,
and Tracy Lopez

April 4, 1997

Case No. (Law) 158332

BY JUDGE GERALD BRUCE LEE

This matter is before the Court on the Defendants' June S. Miller and Sandra M. Embrey's ("Defendants") Demurrer and Motion Objecting to Venue to the petition for pre-judgment attachment. Bernstein Brothers Management ("Plaintiff") brought this petition for pre-judgment attachment against Defendants, June Miller and her daughter, Ms. Sandra Embrey. The issues presented to the Court are as follows.

1. Whether the Court has personal jurisdiction under Code of Va. § 8.01-328.1(A)(3) over Defendants for purposes of pre-judgment attachment of property held by the Defendants in Delaware; and

2. Whether pre-judgment attachment will lie in Fairfax County against non-resident defendants' property in Delaware where it is alleged that the defendants embezzled the property in Virginia and took the proceeds from Virginia to Delaware.

The Demurrer and Objection to Venue will be overruled for the reasons which follow.

*Facts*

The petition for attachment alleges the following. Ms. June Miller, a former Bernstein Brothers bookkeeper embezzled over $1,000,000 from her employer from 1981 through 1995. Ms. Miller was convicted of eleven counts of embezzlement from her employer in Arlington Circuit Court in 1996. The petition alleges that Ms. Miller shared the proceeds of her theft with her daughter, Defendant Ms. Sandra Embrey, and others. Defendant Sandra Embrey used the embezzled funds to purchase a business, Sandy's Cakes, and a home in Manassas, Virginia.

The Plaintiff commenced a suit for tortious conversion, fraudulent conveyance, and constructive trust against the Defendants in this court in August 1996. Since the filing of the tort suit, Defendant Embrey sold both Sandy's Cakes and the Manassas residence. Defendant Sandra Embrey received cash from the sale of the Manassas home and cash and a promissory note in the amount of $30,000 from Charles and Tracy Lopez from the sale of the business. Both Defendants have moved to Delaware. The petition alleges that the promissory note and the alleged proceeds from the sale of the Manassas home are located in Delaware with the Defendants. The Plaintiff seeks an attachment pursuant to Code of Va. § 8.01-534(A)(3).

The Lopezes are in Manassas, Virginia, and continue to pay on the promissory note by sending payments to Ms. Embrey in Delaware. The promissory note is in Delaware.

## I. *The Attachment Petition*

Plaintiff seeks pre-judgment attachment of the promissory note and property alleged to have been purchased by the Defendants with the proceeds of the embezzlement which are in the Defendants' possession in Delaware. Plaintiff petitions the Court to (1) appoint a special receiver under Code of Va. § 8.01-549; (2) order the Defendants to account to the Special Receiver for the funds taken from the Commonwealth and the note proceeds; (3) order the defendants to deliver the note to a Special Receiver in Virginia; and (4) order Defendants Lopez to pay future note payments to a Special Receiver.

## II. *Personal Jurisdiction*

Defendant moves to quash the petition for attachment on the grounds that this court lacks personal jurisdiction over the Defendants. The issue presented is whether the Court may exercise jurisdiction over Defendant Embrey and

Defendant Miller pursuant to Code of Va. § 8.01-328.1(A)(3). Plaintiff contends that the Court has personal jurisdiction over Defendants Embrey and Miller because Defendants are already subject to the personal jurisdiction of this Court in a Chancery action. Plaintiff maintains that in this Chancery action they have sued Defendant Miller for conversion and constructive trust and Defendant Embrey for voluntary conveyance, fraudulent conveyance, and constructive trust.

Defendants were served in the chancery suit when they were Virginia residents, and they are defending the action here. Plaintiff contends that this attachment action is ancillary to the Chancery action in which the Court has personal jurisdiction over the Defendants. In response, Defendants argue that since they are non-residents, the court no longer retains *in personam* jurisdiction over them.

Attachment proceedings may be either independent or ancillary in Virginia. Virginia Code § 8.01-574. An ancillary proceeding is one in which an attachment is sought in connection with a pending suit in the same court.

Virginia Code § 8.01-574 states:

> If an attachment be desired in connection with a pending suit or action, a petition for an attachment may be filed in the same court in which such suit or action is pending, and the procedure thereon shall be the same as if no suit or action were pending; but the attachment may be heard along with any suit in equity relating to the same subject so far as may be necessary for the convenient administration of justice.

This attachment action was filed on January 17, 1997, several months after the Chancery action pending in this Court was filed. The attachment action refers to the chancery action to recover proceeds of an embezzlement. This action therefore is ancillary to the chancery action. Additionally, the Court has *in personam* jurisdiction over the non-resident Defendants because it is alleged that they committed a tort in Virginia. Code of Va. § 8.01-328.1(A)(3).

### III. *Venue*

Defendants' Motion to Quash and Demurrer contend that an attachment cannot lie here because the Plaintiff fails to allege that either defendant has an estate or has debts owing to them in Fairfax County. Code of Va. §§ 8.01-537 and 8.01-261(11). In response, Plaintiff contends that venue is proper in Fairfax County because this attachment suit is filed ancillary to a pending lawsuit in the same Court. Code of Va. § 8.01-574. Plaintiff further asserts that

sufficient ground for pre-trial attachment lies because Defendants have removed all of their property out of Virginia and into Delaware such that there will be no property in Virginia sufficient to satisfy the judgment obtained should only the ordinary process of law be used. Code of Va. § 8.01-534(A)(3). The Plaintiff contends that the evidence is that the Defendant Embrey has the right to receive future payments on the Lopez's promissory note from the Lopezes in Prince William County, Virginia.

The Court must consider whether venue exists to hear this action in the Fairfax Circuit Court. Virginia Code Ann. § 8.01-537 states in part: "Every attachment shall be commenced by a petition filed before a judge, magistrate or clerk or a circuit or general district court of the county or city in which venue is given by subdivision 11 of § 8.01-261." Virginia Code Ann. § 8.01-261(11) provides "In attachments, a. With reference to the principal defendant and those liable with or to him, venue shall be determined as if the principal defendant were the sole defendant; or b. In the county or city in which the principal defendant has estate or has debts owing to him."

Code of Va. § 8.01-261(11) is not applicable to this case because the petition for attachment is ancillary to pending litigation in Fairfax County. Code of Va. § 8.01-574. Fairfax County is the proper venue for Plaintiff's attachment petition. The note and proceeds of the embezzled funds are located in Delaware with the non-resident Defendants. This Court has personal jurisdiction over the Defendants and may order them to produce property in Delaware to a Special Receiver in Virginia. Furthermore, the Court upon proper notice to the Lopezes, the obligors on the note who reside in Prince William County, orders the Lopezes to make future payments to a Special Receiver appointed by the Court. Plaintiff has alleged a ground for attachment as required by Code of Va. § 8.01-534(A)(3).[1] Plaintiff has established that proper venue exists for the attachment proceeding pursuant to Code of Va. §§ 8.01-537 and 8.01-574.

The Court holds that Defendants' Demurrer and Motion to Quash are overruled. The Court holds that Plaintiff's petition for attachment will be granted. The Court appoints John Karcha, Esq., a special receiver under Code of Va. § 8.01-549. The Court orders the Defendants to account to the Special Receiver for the funds taken from the Commonwealth and the note proceeds.

---

[1] "It shall be sufficient ground for an action for pretrial levy or seizure or an attachment that the principal defendant or one of the principal defendants …. 3. Intends to remove, or is removing, or has removed … a material part of such estate or proceeds, out of this Commonwealth so that there will probably not be therein effects of such debtor sufficient to satisfy the claim when judgment is obtained therefor should only the ordinary process of law be used to obtain the judgment." Code of Va. § 8.01-534(A)(3).

118

The Defendant Embrey is ordered to deliver the Lopez promissory note to the Special Receiver in Virginia. The Court orders that the Special Receiver serve a notice and copy of the order in this case upon the Defendants Lopez and direct them to pay future note payments to the Special Receiver. The bond in place will be continued.